UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

GREGORY S.,[1]

                      Plaintiff,        Case # 20-cv-557-FPG

v.                                   DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.

## INTRODUCTION

On May 3, 2016, Plaintiff Gregory S. protectively applied for Disability Insurance Benefits under Title II of the Social Security Act (the "Act"). Tr.[2] 12. The Social Security Administration (the "SSA") denied his claim and Plaintiff appeared at a hearing before Administrative Law Judge Mary Mattimore on January 2, 2019. Tr. 830. At the hearing, Plaintiff and a vocational expert testified. *Id*. On January 22, 2019 the ALJ issued an unfavorable decision. Tr. 9. The Appeals Council denied Plaintiff's appeal, making the ALJ's decision the final decision of the SSA. Tr. 1-6. Plaintiff then appealed to this Court.[3] ECF No. 1.

The parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 13, 14. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and the ALJ's decision is REMANDED to the Commissioner for further administrative proceedings.

---

[1] In order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff using only his first name and last initial in accordance with this Court's Standing Order issued November 18, 2020.

[2] "Tr." refers to the administrative record in this matter. ECF Nos. 8, 12.

[3] The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

**LEGAL STANDARD**

## I.      District Court Review

When it reviews a final decision of the SSA, it is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)) (other citation omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

## II.      Disability Determination

To determine whether a claimant is disabled within the meaning of the Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his or her ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work; and (5) whether the claimant's RFC permits him or her to perform alternative substantial gainful work which exists in the national economy in light of her age, education, and work experience. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see also* 20 C.F.R. § 404.1520.

## DISCUSSION

**I.      The ALJ's Decision**

The ALJ analyzed Plaintiff's claim for benefits using the process described above.  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 2, 2011, the alleged onset date.  Tr. 14.  At step two, the ALJ found that Plaintiff has the following severe impairments: radiculopathy, chronic pain, cervicalgia, cervical disc syndrome, lumbar disc sciatica, degenerative disc disease, post-traumatic headaches, post-concussion syndrome, and spondylothesis L4-5, grade 1. *Id*.

At step three, the ALJ found that the Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the Listings impairments.  Tr. 15.  Next, the ALJ determined that Plaintiff maintained the RFC to perform light work. *Id*. However, the ALJ found that Plaintiff had additional exertional limitations including that Plaintiff: can occasionally climb stairs, ramps, stoop, kneel, crouch, and crawl; can never climb ladders, ropes, and scaffolds; can occasionally push and pull bilaterally; can occasionally reach overhead bilaterally; cannot perform outdoor work; cannot work with flashing or flickering light; cannot drive motor vehicles or other equipment; cannot be exposed to hazardous machines or unprotected heights; and cannot perform jobs requiring repetitive neck movements as an essential function of the job. *Id*.

At steps four and five, the ALJ concluded that Plaintiff could perform past relevant work and that there were jobs that existed in the economy that Plaintiff could perform, including, for

example, Hydro pneumatic Testing, Small Products Assembler, Mail Room Clerk, and Electronic

Sub Assembler. Tr. 17-88.  As such, the ALJ found that Plaintiff was not disabled. Tr. 18.

## II.    Analysis

Plaintiff takes issue with the ALJ's decision on the basis that the ALJ: (1) erred in relying

upon the opinion of John Schwab, D.O., the consultative examiner; (2) erred in rejecting the

opinion of Nicole Curtain, D.C.; and (3) erred in rejecting Plaintiff's subjective complaints

regarding the severity of his impairments. Because this Court agrees that remand is required under

Plaintiff's first argument, it does not address Plaintiff's other arguments.

The ALJ determined that Plaintiff could perform light work. Tr. 15. In formulating this

RFC, the ALJ gave great weight to an opinion from the consultative examiner, Dr. Schwab. Tr.

16. Dr. Schwab noted that Plaintiff was in no acute distress, had a normal gait, could walk on heels

and toes without difficulty, did not use an assistive device, and was able to rise from a chair without

difficulty. Tr. 263.  Dr. Schwab observed no masses in Plaintiff's neck, no redness, heat, swelling,

or effusion in Plaintiff's musculoskeletal system, and no edema in his extremities.  Tr. 263-64. Dr.

Schwab opined that Plaintiff had a mild restriction moving his head in any direction; a mild

restriction raising his arms over his shoulders; a mild restriction lifting heavy objects; and a

moderate restriction in bending, lifting, and carrying.  Tr. 264.

As Plaintiff points out, Dr. Schwab's examination findings are far more mild than findings

contained in his other medical records.  There are hundreds of pages of treatment notes from

Plaintiff's chiropractor, whom Plaintiff visited consistently—up to three times per week—for

several years after his car accident.  *See* Tr. 266-527.  At almost every appointment, objective

examination revealed (1) severe muscle tightness and stiffness in Plaintiff's back, (2) severe pain

intensity in the cervical, thoracic, and lumbar spine, and (3) severe amounts of swelling throughout

his neck and back. *See, e.g.*, Tr. 273 (Dec. 23, 2011); Tr. 322 (July 5, 2012); Tr. 479 (May 28, 2014); Tr. 805 (Sept. 7, 2016). In addition, in 2015, Plaintiff's orthopedic specialist reviewed his imaging and assessed his conditions. *See* Tr. 249-53. He concluded that Plaintiff "sustained significant injuries to [his] spine as a result of the motor vehicle accident; that, absent risky surgery, he has "likely reached maximum medical benefit in regards to his injuries" and "severe intractable pain." Tr. 252. Plaintiff's treating providers have consistently opined that he is unable to work. *See* Tr. 252, 272, 258, 821-25. While determining if Plaintiff is unable to work is generally reserved by the Commissioner, multiple treating sources have opined that Plaintiff is unable to work due to his physical pain in his neck and back. *Id.*; *See Bonet ex rel. T.B. v. Colvin*, 523 Fed. App'x. 58, 59 (2d. Cir. 2013) (summary order) (finding a deferential standard of review to the fact finder, but the court can reject those facts based on if a reasonable fact finder would have otherwise concluded). In fact, it has been recognized that "the opinions of consulting sources 'may constitute substantial evidence if they are consistent with the record as a whole.' " *Houseman v. Colvin*, No. 13-CV-210-JTC, 2015 WL 6442571, at *7 (W.D.N.Y. Oct. 23, 2015) (internal citations omitted).

The ALJ nevertheless concluded that Dr. Schwab's opinion was worthy of great weight because it was consistent with the record and because he "has knowledge of the disability program." Tr. 16. To support his assertion that Dr. Schwab's opinion is consistent with the overall record, the ALJ cited range-of-motion tests conducted by Plaintiff's providers and the fact that Plaintiff exhibited the ability to stand up from a seated position without difficulty; had a steady gait; could walk on heels and toes; and did not use an assistive device to walk. *Id*.

The Court concludes that the ALJ erred when he accorded Dr. Schwab's opinion great weight on the basis that it was consistent with the entire record. The six years of treatment notes from Plaintiff's chiropractor show that Plaintiff consistently exhibited objective signs of severe

pain and dysfunction, including swelling, edema, and hypertonicity in his neck and back. It is evident that Dr. Schwab's exam findings, which were far milder, offered only "a glimpse" Plaintiff on a single day. *Hamm v. Colvin*, No. 16CV936(DF), 2017 WL 1322203, at *17 (S.D.N.Y. Mar. 29, 2017) (explaining why consultative examiners may be entitled to less weight). In weighing Dr. Schwab's opinion, the ALJ cherry picked a few scattered examination findings and minimized the breadth and consistency of Plaintiff's chiropractic records, which impacted his consideration of Dr. Schwab's opinion. *See McGill v. Saul*, No.18-CV-6430, 2020 WL 729774, at *4 (E.D.N.Y. Feb. 13, 2020) (ALJ improperly cherry-picked evidence by relying on range-of-motion tests, where the "same treatment notes consistently detail limitation in lumbar/sacral spine and sharp, if not more severe, pain in the back"); *Grant v. Berryhill*, No. 16-CV-7604, 2018 WL 5993730, at *4 (S.D.N.Y. Nov. 15, 2018) ("[T]he ALJ failed to consider the consistency of [medical source]'s opinion with the record as a whole . . . because [the ALJ] failed to consider and misconstrued the record as a whole."). Furthermore, the ALJ failed to expressly address the opinion of James Hurd, P.A. *See* Tr. 249-53; *Fuller v. Astrue*, No. 09-CV-6559, 2010 WL 3516935, at *8 (W.D.N.Y. Sept. 7, 2010) ("The ALJ clearly ignored relevant portions of the medical evidence that would support a disability . . . ."). Hurd examined Plaintiff, reviewed his imaging, and opined that Plaintiff was suffering from "severe intractable pain" and that he had reached "maximum medical benefit" absent a risky surgery. Tr. 252. For these reasons, the ALJ's explanation for according Dr. Schwab's opinion great weight was erroneous. Remand for further proceedings is required.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings, ECF No. 13, is GRANTED, the Commissioner's motion for judgment on the pleadings, ECF No. 14, is DENIED, and the matter is REMANDED to the Commissioner for further administrative

proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g).  The

Clerk of Court shall enter judgment and close this case.

IT IS SO ORDERED.

Dated: May 4, 2021
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court